IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL SAMUEL JOHNSON,<br><br>    Plaintiff,<br><br>  v.<br><br>THE CITY OF SANTA ROSA, et al.,<br><br>    Defendants. | Case No.: 12-01409 CW (PR)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND; DIRECTING CLERK OF THE COURT TO PROVIDE PLAINTIFF WITH BLANK CIVIL RIGHTS COMPLAINT FORM |

    Plaintiff filed the present pro se civil rights action under 42 U.S.C. § 1983 when he was incarcerated at the California State Prison - Solano. He complains about the conditions of his confinement during a prior period of incarceration at the Sonoma County Jail(SCJ). Since filing this action, Plaintiff has been returned to the SCJ, where he is confined currently. He has been granted leave to proceed in forma pauperis.

DISCUSSION

A. Standard of Review

    A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696,

699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: 1) that a right secured by the Constitution or laws of the United States was violated, and 2) that the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). Under § 1983, liability may be imposed on an individual defendant only if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

B.   Plaintiff's Claims

Plaintiff alleges that during a prior period of incarceration at the SCJ, Captain Jackson violated his constitutional rights by denying him access to the law library and the courts. He also names as Defendants various governmental entities. He seeks damages and injunctive relief.

Prisoners have a constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 350 (1996). To establish a claim for a violation of this right, the prisoner must prove that he suffered "actual injury" because he was denied such access. Id. at 350-55. To prove an actual injury, he must show that the defendants' actions hindered his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement. See id. at 354-55.

Rule 8(a) of the Federal Rules of Civil Procedure requires that the complaint set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to state the specific acts of the defendant

2

that violated the plaintiff's rights fails to meet the notice requirements of Rule 8(a). See Hutchinson v. United States, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982). Additionally, Rule 8(e) requires that each averment of a pleading be "simple, concise, and direct." See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996) (affirming dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"). While the federal rules require brevity in pleading, a complaint nevertheless must be sufficient to give the defendants "fair notice" of the claim and the "grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quotation and citation omitted).

Here, Plaintiff's claims cannot proceed as plead. First, he has not clearly and concisely set forth his claims against Defendant Jackson because he has not alleged facts identifying the instances on which Jackson allegedly denied him law library or court access, the conduct that was the cause of such denial, or the actual injury to court access that he suffered as a result. He also has not specified how the governmental entities he names as Defendants were involved in the alleged violation of his constitutional rights.

Even when Plaintiff's allegations are liberally construed, he has failed to provide information sufficiently simple, concise and direct for the Court to determine whether the allegations state cognizable claims for relief with respect to each of the named Defendants. Accordingly, the complaint is DISMISSED for failure to state a claim upon which relief may be granted. Plaintiff may file an amended complaint in which he 1) alleges facts sufficient

3

for the Court to determine whether he states a claim for the violation of his constitutional rights, 2) links each Defendant to the injury for which that Defendant is alleged to be responsible, and 4) specifies and links the relief he seeks to a particular Defendant or Defendants.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.  The complaint is DISMISSED.

2.  No later than <u>twenty-eight (28)</u> days from the date of this Order, Plaintiff may file an amended complaint to cure the deficiencies noted above.  Plaintiff shall use the court's civil rights complaint form, a copy of which is provided herewith, and include in the caption both the case number of this action, No. C 12-1409 CW (PR), and the heading, "AMENDED COMPLAINT."

<u>If Plaintiff fails to timely file an amended complaint in conformity with this Order, the case will be dismissed without prejudice and will be closed.</u>

3.  It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute.

4.  The Clerk of the Court shall provide Plaintiff with a blank civil rights complaint form.

IT IS SO ORDERED.

Dated: 11/29/2012

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

4